# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
# NO. 5:13-CV-00816-BR

| | |
|---|---|
| TINIKA S. WARREN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GUILFORD COUNTY CHILD )<br>SUPPORT, )<br>)<br>Defendant. )<br>_____ ) | **MEMORANDUM AND**<br>**RECOMMENDATION** |

This matter is before the Court on pro se Plaintiffs application to proceed in forma pauperis (DE 1) and for frivolity review under 28 U.S.C. § 1915. Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. Accordingly, the motion to proceed in forma pauperis (DE 1) is GRANTED. However, the Court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Pro se complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

After careful review of Plaintiffs proposed complaint, and giving due consideration to her pro se status, the undersigned concludes that this case should be transferred to the Middle District of North Carolina.

Plaintiff's complaint is captioned "Complaint of Judicial Misconduct or Disability." (DE 1-2). It contains no specific allegations but only a Motion Cover Sheet, Notice of Morion and Hearing for Modification of Child Support Order and attaches the North Carolina State Bar's Rules addressing Attorney-Client Relationship. (Id). Plaintiff resides Georgia. Defendant, Guilford County Child Support, is located in Guilford County, North Carolina, which is within the jurisdiction of the United States District Court for the Middle District of North Carolina.

A civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b)(2).

It appears from Plaintiffs complaint that neither she, the Defendant, nor its alleged agents are located in this District and that Defendant is located in Guilford County, North Carolina, which is in the Middle District. Therefore, because Defendant is located in the Middle District and it appears that a substantial part of the events giving rise to the action took place in the Middle District, venue is proper in Middle District. *Id*. Furthermore, a court may dismiss or transfer a case filed in the wrong district. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). Therefore, it is recommended that this case be transferred to the Middle District of North Carolina.

Accordingly, it is RECOMMENDED that this case be transferred to the Middle District of North Carolina.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on December 17, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE